632

ARWELL DIVISION OF ORKIN EXTERMINATING COMPANY, INC., Plaintiff-
Appellee, v. JOHN H. KENDRICK et al., Defendants-Appellants.

(No. 68-111; ▮)

Third District—February 23, 1971.

Robert E. White and Peter F. Ferracuti, both of Ottawa, and McNeilly &
Olivero, of Peru, for appellants.

J. David Swanzig, of Ottawa, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

In this action Arwell a division of Orkin Exterminating Company sought
injunctive relief to enforce a restrictive covenant against John Kendrick,
Defendant, a former employee. The action also sought relief against
Marguerite Kendrick, Defendant-Appellant. After hearings the Circuit
Court of LaSalle County entered both temporary and permanent injunc-
tions against both John and Marguerite Kendrick. Only Marguerite Ken-
drick has appealed from such order.

John Kendrick first became employed by Arwell in 1949. Until 1965 his
territory included LaSalle County and during such period of 16 years he
rose to the position of district manager. In 1965 he was transferred to Cin-
cinnati, Ohio and then to Milwaukee, Wisconsin. In June and July of 1967
John Kendrick withdrew his profit sharing funds and resigned. John
Kendrick and Marguerite, the appellant, then moved to LaSalle, Illinois
and according to plaintiff set up an exterminating business of their own.

A provision of the employment contract between Arwell and John
Kendrick provided in substance that Kendrick would not compete directly
or indirectly with the business of plaintiff within an area of 20 miles from

any place where the covenantor had worked for plaintiff for a period of two years after termination of employment. Admittedly LaSalle, Illinois is within the area included in such provision and it was also undisputed that the activities complained of took place within two years from termination of employment.

As a defense to the action defendant John Kendrick claimed and endeavored to prove by the evidence that the restrictive covenant was void and unenforcible and that in any event he had not violated the covenant because the exterminating business in La Salle was solely the business of his wife Marguerite. It was the position of Marguerite Kendrick, defendant-appellant, that the exterminating business was hers and that the covenant could not be enforced against her since she was a stranger to the employment contract.

After a full hearing, injunctive relief was granted against each defendant but as indicated earlier only Marguerite Kendrick has perfected an appeal to this court.

On her appeal Marguerite Kendrick argues the restrictive covenant in the employment contract was void and unenforcible and in any event is unenforcible against her because she is a stranger to the contract. Appellant has devoted the larger portion of her brief to the argument that the restrictive covenant is void and unenforcible. However in our view of this case we do not believe such issue has been preserved for our consideration. The trial court found that such covenant was valid and enforcible against John Kendrick and that he had violated the covenant. No appeal was taken from this action, the order has become final and in our opinion is not subject to question on this appeal. No claim was made in the trial court that the covenant was enforcible against defendant, Marguerite Kendrick, the gist of the action being that if such covenant was enforcible against John Kendrick, as the court found it was, then equitable considerations authorized and required injunctive relief against Marguerite Kendrick in order to make the injunction against John Kendrick effective. We hold that the trial court acted properly. Marguerite Kendrick was in fact and law a stranger to the employment contract. However she was not a stranger to the transactions and events from which it may be inferred she knowingly participated and aided in the evasion or violation of the restrictive covenant. We know of no rule of law which holds that appellant merely because she was not a party to the employment agreement may thereby avoid the consequences of her conduct designed to aid in the violation thereof nor does appellant cite any cases to support this position. A party who induces another to violate his contract may be restrained from such conduct. (See, *Victor Chemical Works v. Ilifp,* 299 Ill. 532, 132 N.E. 806 and *Norman v. Local No. 4 etc.,* 40 Ill.App.2d 422, 189 N.E.2d 687.)

If a party knowingly participates or aides another in the violation of the contract such conduct may be regarded as inducement.

As is disclosed by the evidence it may be inferred that Marguerite Kendrick had full knowledge of the restrictive covenant and of her husband's intentions to compete in violation of such restriction if he could. Although appellant claims that the Kendrick Exterminating Business established in La Salle, was her own business there is substantial evidence from which the contrary may be inferred justifying the inference that appellant was acting in concert with her husband to evade the duty imposed upon him by the covenant. The funds which John Kendrick received from the profit sharing plan went into the business. John Kendrick helped select a building, truck, and, was otherwise involved in the business all with the knowing participation of appellant. Another employee of Arwell was solicited to terminate his employment with Arwell and come to work for the Kendrick Exterminating Business. While the evidence is conflicting whether he was employed by John Kendrick or Marguerite Kendrick the conflict illustrates the basic reason for the propriety of the trial court's action. Marguerite Kendrick was only nominally the proprietor of an exterminating business in La Salle. As between John and Marguerite Kendrick it was a matter of form only and not of substance. She was in fact the alter ego of John Kendrick and in our opinion the trial court correctly held that her conduct of the business was a thinly veiled subterfuge designed to avoid her husband's obligation under the contract.

For the foregoing reasons the decree of the Circuit Court of La Salle County is affirmed.

Decree affirmed.

ALLOY, P. J., and SCOTT, J., concur.